# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. 13-0224
PLCV-2013-00224-A

*Served 3/13/13 3:45 pm OAS*

Rachel Imperial........................, Plaintiff(s)

vs.

Greentree Servicing LLC, Defendant(s)

*Snd to Rich Bransky @ force label*

## SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon ...Sergei Lemberg... plaintiff attorney, whose address is ...1100 Summer St., Stamford, CT... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Brockton the ..........................day of

........................, in the year of our Lord Two thousand and ....................

*[signature]*

CLERK.

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ..........................., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):..............................................................

..............................................................................................................................................

..............................................................................................................................................

Dated: , 200 ..........................................................................................................

N.B. **TO PROCESS SERVER:-**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

| March 13 , 2013 |

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Brockton.

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF PLYMOUTH | DOCKET NO. 13-0224-A |
|---|---|---|
| **PLAINTIFF(S)** Rachel Imperial | | **DEFENDANT(S)** Greentree Servicing LLC |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

Sergei Lemberg, Esq.
Lemberg & Associates, LLC
1100 Summer Street, Third Floor
Stamford, CT 06905
(203) 653-2250
BBO # 650671

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.        TYPE OF ACTION (specify)        TRACK               IS THIS A JURY CASE?

E99 Misc Other (specify) - X track              ( • ) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                                $
   2. Total doctor expenses                                  $
   3. Total chiropractic expenses                            $
   4. Total physical therapy expenses                        $
   5. Total other expenses (describe)                        $
                                                    Subtotal $
B. Documented lost wages and compensation to date            $
C. Documented property damages to date                       $
D. Reasonably anticipated future medical expenses            $
E. Reasonably anticipated lost wages and compensation to date. $
F. Other documented items of damages (describe)              $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                    Total $ 25,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                    TOTAL    $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____        Date: February 25, 2013
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials | F | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative Agency G.L. c. 30A | (X) |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | E03 Claims against Commonwealth or Municipality | (A) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E05 Confirmation of Arbitration Awards | (X) |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E08 Appointment of Receiver | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E09 General Contractor bond, G.L. c. 149, ss. 29, 29a | (A) |
| E03 Claims against Commonwealth or Municipality | (A) | E03 Claims against Commonwealth or Municipality | (A) | E11 Worker's Compensation | (X) |
| | | **EQUITABLE REMEDIES** | | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| *TORT | | D01 Specific Performance of Contract | (A) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| B03 Motor Vehicle Negligence personal injury/property damage | (F) | D02 Reach and Apply | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| B04 Other Negligence-personal injury/property damage | (F) | D06 Contribution or Indemnification | (F) | E16 Auto Surcharge Appeal | (X) |
| B05 Products Liability | (A) | D07 Imposition of a Trust | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B06 Malpractice-Medical | (A) | D08 Minority Stockholder's Suit | (A) | E18 Foreign Discovery Proceeding | (X) |
| B07 Malpractice-Other (Specify) | (A) | D10 Accounting | (A) | E19 Sex Offender Registry G.L. c. 178M, s. 6 | (X) |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D12 Dissolution of Partnership | (F) | E25 Plural Registry (Asbestos cases) | |
| B15 Defamation (Libel-Slander) | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B19 Asbestos | (A) | D99 Other (Specify) | (F) | E96 Prisoner Cases | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B21 Environmental | (F) | | | E99 Other (Specify) | (X) |
| B22 Employment Discrimination | (F) | | | | |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes   [ ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

2/28/13

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS            SUPERIOR COURT DEPT.

C.A. NO. 13-0224-A

```
----------------------------------X
Rachel Imperial,                  :
                                  :
              Plaintiff,          :
                                  :
     -against-                    :
                                  :
Greentree Servicing LLC,          :
                                  :
              Defendants.         :
----------------------------------X
```

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Now come the named Plaintiff and states the following as her Complaint:

**OVERVIEW**

This action arises out of Defendants' repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, et seq. ("MCPA"), Massachusetts Debt Collection Regulations, 940 CMR § 7.00 et seq. ("MDCR"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

**PARTIES**

1. The Plaintiff, Rachel Imperial ("Plaintiff"), is an adult individual residing in Brockton, Plymouth County, Commonwealth of Massachusetts and is a "debtor" as defined by 940 CMR § 7.03.

2. The Defendant, Greentree Servicing LLC ("Greentree"), is a Minnesota business entity with an address of 345 St. Peter Street, St. Paul, Minnesota 55102, and is a "creditor" as defined by 940 CMR § 7.03.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

3. The Plaintiff incurred a financial obligation (the "Debt") to Greentree.

4. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 940 CMR § 7.03.

5. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 940 CMR § 7.03.

### B. Greentree Engages in Harassment and Abusive Tactics

6. Within the last year, Greentree contacted Plaintiff in an attempt to collect the Debt.

7. Greentree called Plaintiff at an excessive and harassing rate, placing seven to eight calls to Plaintiff's residential telephone on a daily basis.

8. Plaintiff entered into a payment arrangement with Greentree and has been making monthly payments toward the Debt as agreed.

9. Despite having a payment arrangement in place and receiving monthly payments from Plaintiff, Greentree thereafter continued dialing Plaintiff's telephone up to five times per day, multiple times per week for successive weeks.

10. Furthermore, Greentree called Plaintiff's relatives and neighbors and left messages disclosing the nature of the calls.

11. Such disclosure of Plaintiff's private affairs caused Plaintiff a great deal of embarrassment and humiliation.

### C. Plaintiff Suffered Actual Damages

12. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

13. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

14. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,**
**M.G.L. c. 93A § 2, et seq. and MASSACHUSETTS DEBT COLLECTION**
**REGULATIONS, 940 CMR § 7.00 et seq.**

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendants engaged the Plaintiff in communication via telephone, initiated by the Defendants, in excess of two calls in each seven-day period at the Plaintiff's residence and two calls in each 30-day period other than at the Plaintiff's residence, for each debt, in violation of 940 CMR § 7.04(1)(f).

17. The Defendants contacted or threatened to contact persons, other than the Plaintiff and those residing in the Plaintiff's household, and implied the fact of the debt to any such person, in violation of 940 CMR § 7.06(1)(a).

18. The Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and 940 CMR § 7.00 et seq. and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**COUNT II**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

21. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

22. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls and calls to Plaintiff's relatives and neighbors.

23. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to

      be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

24. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

25. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

26. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

### COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

28. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

29. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

30. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against Defendants:

1. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

2. Costs of litigation and reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A) against Defendants;

3. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent MCPA and MDCR violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted,

By _/s/ Sergei Lemberg_

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff

Dated: February 25, 2013

## Commonwealth of Massachusetts
### County of Plymouth
### The Superior Court

Plymouth, ss                                        CIVIL DOCKET#: PLCV2013-00224-A

RE:   Imperial v Greentree Servicing LLC

TO:   Sergei Lemberg, Esquire
      Lemberg & Associates LLC
      1100 Summer Street, 3rd Floor
      Stamford, CT 06905-5534

## NOTICE OF DOCKET ENTRY

You are hereby notified that on 03/04/2013 the following entry was made on the above referenced docket:

**Session assignment Civil A - CtRm 5 (Brockton) located at CtRm 5 (72 Belmont Street, Brockton) for all future activity.**
Dated at Brockton, Massachusetts this 4th day of March, 2013.

                                                Robert S. Creedon, Jr.,
                                                Clerk of the Courts

                                                BY: David M. Biggs
                                                Assistant Clerk

Telephone: (508) 583-8250 ext. 305

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 cvdgonerfc_2.wpd 972258 chgsess mullins}